JENKS, P. J., MILLS and RICH, JJ., concurred; JAYCOX, J., dissented.

Judgment of conviction of the County Court of Kings county reversed on reargument upon the facts as well as the law, the order of reversal settled accordingly, and a new trial ordered.

---

SOCIETA ITALIANA PROGRESSO DUCA DEGLI ABRUZZI, Respondent, *v.* ALFONSE S. VICCHIARIELLE, Appellant.

Second Department, October 10, 1919.

**Associations — term of office set by by-laws — replevin brought against duly elected president — rival claimants to office.**

Where the by-laws of an association declare that the official term of its president shall be one year, and a person duly elected has neither resigned nor been removed within the year, there is no vacancy which can be filled by another election within the term.

Hence, as the duly elected president has the right of possession of the property of the association during his term it cannot maintain an action of replevin against him to recover it, nor can the court in such action determine which of two rival claimants to the property is the president of the association.

APPEAL by the defendant, Alfonse S. Vicchiarielle, from a judgment of the County Court of Orange county in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 19th day of October, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of October, 1918, denying his motion for a new trial made upon the minutes.

The action was brought in replevin to recover certain flags and other property. The chattels belonged to the plaintiff society and defendant came into possession thereof while president.

*John Palmieri*, for the appellant.

*Peter J. Brancato*, for the respondent.

PER CURIAM:

Defendant's election as president at the meeting of January 20, 1917, having been proved, following the terms of article IV of the by-laws, declaring one year as the official term, his tenure for that time was protected, making a different case from that of an association without such a by-law as in *Ostrom* v. *Greene* (161 N. Y. 353). Hence without defendant's resignation or removal there could be no vacancy to be filled by another election within the year and the so-called election in April under which plaintiff claimed title was void. Plaintiff's president is entitled to the possession of the chattels which are the subject of this action. The action turns upon the question which of the rival claimants is plaintiff's president, and that question cannot be determined in this action. (*Concord Society* v. *Stanton*, 38 Hun, 1.)

It follows that the judgment and order of the County Court of Orange county must be reversed and the complaint dismissed, with costs.

JENKS, P. J., MILLS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order of the County Court of Orange county reversed and complaint dismissed, with costs.